UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  JAVIER ALONSO, individually and on    :
  behalf of others similarly situated,    :
                                    :
              Plaintiff,     :   **MEMORANDUM DECISION AND**
                         :   **ORDER**
        - against -      :
                         :   24-cv-4194 (BMC)
  SPICY PIZZA CORP. d/b/a SPICY PIZZA,  :
  and ERNESTINE HERRERA, individually,  :
                         :
           Defendants.     :
-------------------------------------------------------- X

**COGAN**, District Judge.

    Plaintiff has moved for a default judgment against the corporate defendant and its individual owner/manager for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and corresponding provisions of the New York Labor Law. Plaintiff alleges that defendants failed to pay him overtime under federal and state law and failed to make spread-of-hours payments and provide him with wage statements and wage notices required by state law. For the following reasons, the motion is granted in part and denied in part.

    The record reflects that both defendants were properly served but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended the action. The Clerk of Court has noted their default upon the docket under Rule 55(a).

    When a defendant defaults, the court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the court also must determine whether

the allegations in the complaint establish the defendants' liability as a matter of law.  Id.  Here, those requirements are met.

The well-pleaded allegations in the complaint satisfy the elements of the FLSA.  See 29 U.S.C. §§ 206(a), 207(a)(1); see also Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021).  The Court further finds that the Complaint's allegations constitute violations of the overtime provisions of the FLSA.  See 29 U.S.C. §§ 206(a), 207(a)(1), 255(a); Guerrero, 2021 WL 4155124, at *2, and that plaintiff has adequately pled individual liability.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The court may determine that there is a sufficient evidentiary basis for the damages sought by plaintiff by reviewing affidavits and other documentary evidence.  See Cement & Concrete Workers, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $89,700 for unpaid overtime and spread-of-hours wages of $9,414.  In support of this request, plaintiff has submitted a sworn statement with his estimates of the days of the week and hours that he worked.  This proof is sufficient to establish damages to a reasonable certainty and no further hearing is required.  He is also entitled to an equal amount of liquidated damages since defendants' failure

to appear is sufficient evidence of willfulness.  See e.g., Gomez v. NYHS Design Inc., No. 20-cv-4174, 2022 WL 4284143, at *4 (S.D.N.Y. Sept. 16, 2022).

I reject plaintiff's claims for damages under the wage notice and wage statement provisions of NYLL § 195(1) and § 195(3).  These provisions provide for a statutory penalty for the failure to give proper notices, but the penalty bears no relation to any actual and concrete injury that plaintiff has suffered as a result of defendants' violation, and, indeed, plaintiff alleges none.  As this Court and others have held, the lack of an actual and concrete injury means that plaintiff lacks standing to pursue these claims in federal court.  See Deng v. Frequency Electronics, Inc., 21-cv-6081, 2022 WL 16923999 (E.D.N.Y. Nov. 14, 2022).

The Court also denies plaintiff prejudgment interest as the award of liquidated damages is more than sufficient to compensate him for the loss of the time value of money, and he has no claims under the NYLL damages beyond those provided by the FLSA.  See McFarlane v. Harry's Nurses Registry, No. 17-cv-6350, 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020).  Post-judgment interest, which plaintiff also requests, need not be separately stated in the judgment as all federal judgments accrue post-judgment interest as a matter of law.  See 28 U.S.C. § 1961(a).

Finally, plaintiff is entitled to reasonable attorneys' fees and costs under the FLSA.  See 29 U.S.C. § 216(b); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013).  In determining a reasonable attorneys' fee award, both the Supreme Court and Second Circuit "have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee."  Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted).  Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay."  Barrella v.

Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted).  "[A] district court should generally use the prevailing hourly rates in the district where it sits."  Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

Plaintiff seeks attorneys' fees and expenses totaling $11,306.  The claimed rates of $500 and $400 per hour for a senior partner and less experience partner or associate, respectively, are higher than generally allowed in this district, see Laboy v. Quality Auto. Servs., Inc., No. 21-cv-2501, 2024 WL 472983, at *2 (E.D.N.Y. Feb. 7, 2024) ("Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners [and] $200 to $325 for senior associates." (internal quotation marks and quotations omitted)); Jimenez v. Green Olive Inc., No. 23-cv-8805, 2024 WL 3763467, at *23 (E.D.N.Y. Aug. 13, 2024) (awarding hourly rate of $425 for experienced partner), and the occasion to award a higher rate is not in the context of this straightforward default judgment motion.  Accordingly, these rates are reduced to $400 and $300, respectively.  Similarly, the rates of $175 and $200 per hour for paralegals are higher than generally allowed in this district.  See Laboy, 2024 WL 472983 at *2 (prevailing rate for legal support staff is between $70 and $100).  The requested hourly rate of $175 for three paralegals is reduced to $70 per hour.  The requested hourly rate of $200 for the remaining paralegal is reduced to $100 per hour.  The amount of time spent on the particular tasks listed is reasonable.

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth

above.  The Clerk is directed to enter judgment against defendants, jointly and severally, in the amount of $206,346.40.

**SO ORDERED.**

_____
*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
      October 23, 2024